IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

vs.                   Civil Case No. 04-3400-SAC
                      Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

       Defendant/Movant.


MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §  2255 (Dk. 1949).  Defendant alleges the court violated his rights under the Fifth and Sixth Amendments by increasing his sentence based on factual findings never charged by an indictment nor decided by a jury.  In short, the defendant is seeking to have the Supreme Court's recent decisions in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (August 23, 2004), and implicitly *United States v. Booker*, 125 S. Ct. 738, 2005 WL 50108 (Jan. 12, 2005), applied retroactively to him.  The government has filed a response opposing the retroactive application of these Supreme Court decisions.  (Dk. 1951).  The court has reviewed the record and the pleadings, including defendant's reply brief (Dk. 1952) and his supplemental brief (Dk. 1953), and is

ready to rule.

**PROCEDURAL HISTORY**

After a seven week jury trial, defendant was convicted of conspiracy to manufacture more than one kilogram of methamphetamine (count 1); three counts of distributing pseudoephedrine (counts 2, 3, and 4); distribution of approximately two kilograms of pseudoephedrine (count 5); two counts of knowingly and intentionally using, or causing to be used, a communication facility or communication facilities in facilitating a drug trafficking offense (counts 7 and 8); three counts of distribution of methamphetamine (counts 12, 13 and 14); and two counts of possession with intent to distribute varying amounts of methamphetamine (counts 15 and 23).  The presentence report recommended a base offense level of 38, a two-point firearm enhancement, and a four-point enhancement for defendant's role in the offense.  Defendant objected to the sufficiency of the evidence at trial to support the findings on the amount of drugs, the firearm enhancement, and role in offense enhancement.  This court overruled most of the defendant's objections but reduced the role enhancement from four to two levels.  Because defendant's total offense level was 42 and his criminal history category was one, his guideline sentencing range was 360 months to life.

Defendant appealed this court's rulings denying his motions to

suppress and his motion for judgment of acquittal or, in the alternative, for a new

trial.  The Tenth Circuit affirmed on November 21, 2003.  *United States v. Cline*,

349 F.3d 1276 (10th Cir. 2003).  No petition for certiorari was filed, thus

defendant's conviction became final ninety days thereafter, on February 19, 2004.

*See United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000) (holding that

"for purposes of determining when the limitations period in 28 U.S.C. § 2255(1)

begins to run if a defendant does not petition the United States Supreme Court for

a writ of certiorari after h[is] direct appeal, h[is] judgment of conviction is final after

the time for seeking certiorari review has expired"); SUP.CT. R. 13(1) (establishing

a ninety-day window during which a defendant may seek certiorari from a judgment

of a federal court of appeals).  Defendant's § 2255 motion, filed within one year

thereafter, is timely.

**GENERAL § 2255 STANDARDS**

A district court may grant relief under § 2255 if it determines that "the

judgment was rendered without jurisdiction, or that the sentence imposed was not

authorized by law or otherwise open to collateral attack, or that there has been such

a denial or infringement of the constitutional rights of the prisoner as to render the

judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  "Section 2255

motions are not available to test the legality of matters which should have been

3

raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citation omitted), *cert. denied*, 502 U.S. 943 (2005).

The court must hold an evidentiary hearing on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995). The burden is with the defendant to allege facts which, if proven, would entitle him or her to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *cert. denied*, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." *Id*. The court finds that a hearing on the defendant's motion is not necessary because the materials already in the record conclusively show that the defendant is not entitled to relief on his claims, as detailed below.

**Access to court/Appointment of counsel**

Defendant contends that there were other errors in his trial, that his trial attorney sent him copies of certain legal documents essential to defendant's preparation and filing of this § 2255 motion, but that the Warden and others at his correctional institution will not permit him to possess those documents. Defendant contends this lack of access deprives him of his right to properly file a § 2255 motion. In the alternative, defendant asks the court to appoint him counsel for the

4

purpose of representing him in this § 2255 motion.

Defendant's claim of lack of access must be brought as a separate civil rights action, and is not properly included in this § 2255 motion. As the Tenth Circuit stated in a similar case:

> Such a claim is properly brought as a *Bivens* action rather than as a request for habeas relief under section 2255. Even if we were to construe this claim as a civil rights action under *Bivens*, however, [defendant] has failed to allege actual injury as required by *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) ("an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."). The Court in *Lewis* made clear that the actual injury requirement applies to all inmates, even those with special needs. *See id.* at 356, 116 S. Ct. 2174.

*United States v. Brittain*, 41 Fed.Appx. 246, 249, n. 2,  2002 WL 734768, *2 (10th Cir. 2002); *see Free v. Federal Bureau of Prisons,* 215 F.3d 1336, 2000 WL 731783, *1 (10th Cir. 2000) (*Bivens* action alleging inmate was deprived of access to the courts due to the inadequacy of the prison law library, his lack of access to the library, and mail tampering by prison employees, which made it difficult for him to pursue his separate section 2255 motion).

The right of access to the court is not unlimited.

To prevail on a claim that his right of access to the courts has been violated, a prisoner must demonstrate prejudice by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). The right of access to the court is not

unlimited, but "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging ... convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

*United States v. Liedtke*, 107 Fed. Appx. 416, 417, 2004 WL 1809537, *1 (5th Cir. 2004).

Here, even if the court were to somehow construe defendant's claim as a *Bivens* action, the fact remains that defendant did in fact prepare and file a section 2255 action which adequately sets forth his contentions. Although defendant may not be able to continuously possess the legal documents he alludes to, he makes no claim that he has not been given time to read or review them for his purposes. The court has had no difficulty understanding defendant's contentions in this motion, and the government has been able to respond to them. Defendant's ability to file his § 2255 motion was thus not prejudiced by the conduct he challenges here, and his right of access to the courts was not denied.

Defendant's alternative request for the appointment of counsel meets the same fate. Generally, a defendant possesses no right to counsel in the prosecution of a § 2255 motion because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In other words, the court's appointment of counsel to represent defendant during the sentencing phase of the proceedings does not obligate that same counsel

to represent defendant during a § 2255 proceeding, nor is defendant entitled to the appointment of other counsel for that purpose.

An exception to the general rule entitles a defendant to counsel when an evidentiary hearing is required in a § 2255 proceeding. *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). For the reasons set forth below, the court finds that an evidentiary hearing on defendant's § 2255 motion is unnecessary. Although the district court has discretion to appoint counsel under certain circumstances when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), in this case the sentencing issues are not unusually complex, either legally or factually, and the content of defendant's pro se pleadings demonstrates that he is capable of adequately articulating his claims. Accordingly, no new counsel shall be appointed.

**Blakely**

Defendant contends that the following sentencing determinations should have been made by the jury instead of the judge for purposes of sentencing: the amounts of actual methamphetamine and methamphetamine mixture used to determine his base offense level, the fact that defendant possessed a firearm during the offense, and the fact that defendant had the role of a leader in the offense.

After defendant's conviction became final, the Supreme Court issued

7

its decision in *United States v. Booker*, 125 S. Ct. 738, 2005 WL 50108 (Jan. 12, 2005), holding that the principles enunciated in *Blakely* apply to the United States Sentencing Guidelines ("guidelines") and render mandatory enforcement unconstitutional because the guidelines do not comply with Sixth Amendment requirements.  The Court stated:

> Accordingly, we reaffirm our holding in *Apprendi*:  Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

125 S. Ct. at 756.  The Court, however, preserved the guideline sentencing scheme by severing those provisions of the Sentencing Reform Act that made the guidelines mandatory, and consequently, the guidelines are now "effectively advisory," 125 S. Ct. at 757.  As modified, the Act now "requires a sentencing court to consider Guidelines ranges, *see* 18 U.S.C.A. § 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, *see* 3553(a) (Supp. 2004)."  *Id*.

Both *Blakely* and *Booker* were decided after petitioner's conviction and sentence became final.  Accordingly, absent retroactive application of the rule announced in those cases, particularly *Booker*, the petition is without merit.

The Tenth Circuit has rejected all attempts to retroactively apply the

8

constitutional rights first recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and subsequently extended in both *Blakely* and *Booker* in § 2255 proceedings.  *See United States v. Lucero*, 123 Fed. Appx. 918 (10th Cir. 2005) ("We hold that the rule announced in *Booker* is not retroactive" to cases on collateral review.); *United States v. Leonard*, 2005 WL 139183 (10th Cir. Jan. 24, 2005) (*Blakely* and *Booker* are new rules of criminal procedure that apply "retroactively only to cases pending on direct review or cases that are not yet final."); *United States v. Price*, 118 Fed. Appx. 465, 2004 WL 2905381 (10th Cir. Dec. 16, 2004) *(Blakely* does "not apply retroactively to cases on collateral review."); *rehearing and rehearing en banc denied*, 400 F.3d 844 (10th Cir. 2005); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir.) (*Apprendi* does not retroactively apply to initial § 2255 motions), *cert. denied*, 537 U.S. 961 (2002).

Other circuits agree, uniformly holding that *Booker* does not apply retroactively to cases in which the conviction and sentence become final prior to the date of the decision in *Booker.  See Cirilo-Munoz v. United States,* __ F.3d __, 2005 WL 858324, *5 (1st Cir. April 15, 2005); *Green v. United States*, 397 F.3d 101 (2nd Cir. 2005); *Guzman v. United States*, ___ F.3d ___,  2005 WL 803214 (2d Cir. Apr. 8, 2005); *In re Olopade*, ___ F.3d ___, 2005 WL 820550 (3d Cir. Apr 11, 2005; *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.

2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005);  *In re Hinton*, 2005 WL 566608 (D.C. Cir.  Mar 10, 2005).

Because the rules established in *Booker* and *Blakely* are not retroactively applicable to cases on collateral review, defendant does not advance any grounds entitling him to relief on his § 2255 motion.

In his reply brief, in apparent anticipation of this ruling, defendant states that he does not contend that *Blakely* or *Booker* is retroactive to his case. (Dk. 1954, p.1).  Rather, he claims that the sentencing guidelines were unconstitutional from the date they were enacted and that the judge, prosecutor, and his own attorney knew or should have known it on November 13, 2002, when his judgment was entered.

Any such claim should have been raised on direct appeal.  *See Lawuary v. United States*, 199 F. Supp. 2d 866, 873 (C.D. Ill. 2002) (claim that it was unconstitutional for Congress to remove from the jury the assessment of facts that increase the prescribed range of penalties was not raised on direct appeal, so was procedurally defaulted.)  As a general rule, a defendant is procedurally barred from presenting any claim in a section 2255 petition that he failed to raise on direct appeal unless he can demonstrate cause for his procedural default and prejudice

10

suffered thereby, or that the failure to hear his claim would result in a fundamental

miscarriage of justice.  *Bousley v. United States*, 523 U.S. 614, 622, (1998); *United

States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994).  Neither has been shown in

this case.   Because defendant has not demonstrated cause for or prejudice from

his procedural default and has not shown that failure to consider the issue now

would amount to a fundamental miscarriage of justice, the court cannot consider

the issue in this § 2255 motion.

IT IS THEREFORE ORDERED that defendant's motion to vacate

and correct sentence under 28 U.S.C. §  2255 (Dk. 1949) is denied.

Dated this 10th day of May, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

11