IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

  vs.                        Civil Case No. 04-3400-SAC
                              Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

        Defendant/Movant.

## MEMORANDUM AND ORDER

On May 10, 2005, this court denied the defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Judgment on that motion was filed the same day. In an untimely motion, defendant now asks the court to alter or amend that decision and to deem his present motion to have been timely filed.

Defendant's motion is made pursuant to Fed. R.Civ. P. 59(e). This court is not empowered to grant defendant additional time to file his 59(e) motion. Rule 59(e) specifies that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R .Civ. P. 59(e). Rule 6(b), which grants the district court limited authority to extend various time limits under the rules, provides that the court "may not extend the time for taking any

action under Rule [ ] ... 59(b), (d) and (e), ... except to the extent and under the conditions stated [therein]." *Id.; see also Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993) (Rule 6(b) expressly prohibits a trial court from extending the time to file a Rule 59(e) motion). Rule 59 provides no exception to the ten-day rule. Thus, this court lacks authority to grant defendant additional time in which to file a Rule 59(e) motion.

Had defendant's motion been timely, however, the result would have been no different. A Rule 59(e) motion stands on limited grounds. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (finding grounds to include: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice). A Rule 59(e) motion is not appropriate for the purpose of revisiting issues already considered or arguing matters not raised in prior briefs. *Servants of Paraclete*, 204 F.3d at 1012. Thus, a party is not to pursue such a motion in order to rehash previously rejected arguments or to offer new legal theories or facts. *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997).

Having reviewed the substance of defendant's 59(e) motion, the court finds that even if the motion had been timely filed, it fails to show an intervening change in the controlling law, any new evidence previously unavailable, or any clear error or manifest injustice in the court's original decision.  The court fully understood the facts, defendant's position, and the controlling law when it issued the prior decision.

IT IS THEREFORE ORDERED that defendant's Rule 59(e) motion (Dk. 1977) is denied.

Dated this 27th day of July, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge