IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                       Civil Case No. 04-3400-SAC
                              Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

        Defendant/Movant.

MEMORANDUM AND ORDER

        Under the caption of this case, the defendant has filed a pleading entitled, "Nunc Pro Tunc Motion and/or Motion Under 18 U.S.C. § 2255 For Modification of Sentence." (Dk. 1990). The defendant claims the Federal Bureau of Prisons ("BOP") has modified his sentence with regard to his payment of the $1,200 special assessment by "coercing" his participation in the Inmate Financial Responsibility Program ("IFRP") through which he is making scheduled payments towards the special assessment. The defendant contends that the BOP in doing so has unlawfully assumed the court's exclusive authority under 18 U.S.C. § 3572(d) to schedule his payments. The defendant asks to be resentenced and provided with a schedule for the payment of the special assessment.

The court summarily denies the defendant's motion as being without merit for failing to state any cognizable ground in support of the relief requested. The BOP's administration of the IFRP does not result in any modification of the court's sentence. When it sentenced the defendant, the court ordered the defendant to pay the special assessment immediately and directed that the payment "was due during the period of imprisonment." (Dk. 1731). The court's sentence did not include any schedule for payment of the special assessment other than specifying it was due immediately and during imprisonment. The court's sentence did not delegate any authority to the BOP or to the probation office to establish a schedule of payments.

The BOP intends the IFRP as implemented and administered to encourage an inmate, like the defendant here, to meet his financial obligations. In setting up a payment schedule under this voluntary prison program, the BOP is not imposing any terms or conditions of incarceration that contradict or vary the sentence imposed in this case. Nor does an inmate's participation in the IFRP become part of his sentence, simply because his refusal to participate would mean less privileges than those available with participation. In short, the defendant's allegations fail to show a violation of federal or constitutional law. *See Hudson v. True*, 1999 WL 1285832, at *1-*3 (D. Kan. Dec. 23, 1999).

IT IS THEREFORE ORDERED that the defendant's nunc pro tunc motion and/or motion to modify his sentence (Dk. 1990) is denied.

Dated this 20th day of October, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge