IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

    vs.                        Civil Case No. 04-3400-SAC
                                   Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

        Defendant/Movant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for leave to proceed on appeal in forma pauperis.

**Procedural history**

After a seven week jury trial, defendant was convicted of conspiracy to manufacture more than one kilogram of methamphetamine (count 1); three counts of distributing pseudoephedrine (counts 2, 3, and 4); distribution of approximately two kilograms of pseudoephedrine (count 5); two counts of knowingly and intentionally using, or causing to be used, a communication facility

or communication facilities in facilitating a drug trafficking offense (counts 7 and 8);

three counts of distribution of methamphetamine (counts 12, 13 and 14); and two

counts of possession with intent to distribute varying amounts of methamphetamine

(counts 15 and 23).

Defendant was sentenced by this court on November 13, 2002 to 360

months imprisonment.  He thereafter took an unsuccessful direct appeal to the

Tenth Circuit.  *See* Dk. 1731, 1738, 1898; *United States v. Cline*, 349 F.3d 1276

(10th Cir. 2003).  No petition for certiorari was filed.

Thereafter, defendant filed a  § 2255 motion, contending that the

following sentencing determinations should have been made by the jury instead of

the judge for purposes of sentencing: the amounts of actual methamphetamine and

methamphetamine mixture used to determine his base offense level, the fact that

defendant possessed a firearm during the offense, and the fact that defendant had

the role of a leader in the offense.  Dk. 1949.  After the court denied defendant's §

2255 motion, defendant filed an unsuccessful motion to alter and amend the court's

decision denying his § 2255 motion.  *See* Dk., 1959, 1977, 1984.

Defendant then filed a motion to modify his sentence, claiming the

BOP had unlawfully modified his sentence by coercing his participation in the

Inmate Financial Responsibility Program.  The court found that motion meritless

because defendant's participation in the IFRP had not become part of his sentence, BOP's administration of the IFRP had not resulted in any modification of the court's sentence, and the BOP had not imposed any terms or conditions of incarceration that contradicted or varied the sentence imposed. *See* Dk. 1990, 1991. Defendant then filed a notice of appeal of that decision, Dk. 1992, for which he presently seeks leave to proceed in forma pauperis.

**In forma pauperis standards**

To obtain authorization to proceed in an action in forma pauperis defendant must meet the requirements of 28 U.S.C. § 1915. First, he must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay or give security for the required fees. The affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. §1915(a)(1). Prisoners must also submit a certified copy of their trust fund account statement for the previous six months. 28 U.S.C. § 1915(a)(2). Lastly, an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). Thus defendant's motion can be granted only in the event he shows both "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh*

3

*v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

**Analysis**

The court recalls its prior grant of in forma pauperis status to defendant, who was initially represented by retained counsel for approximately one year prior to the same counsel being appointed to represent defendant. *See* Dk. 796. The court has reviewed defendant's current declaration but finds no certified copy of defendant's trust fund account statement for the preceding six months from an appropriate prison official. *See* 28 U.S.C. § 1915(a)(2).

Even if plaintiff were financially unable to pay the costs of his appeal, the court finds that defendant should not be authorized to proceed in forma pauperis. Defendant has not stated the issues that he intends to present on appeal and has not stated the facts or legal theory that would entitle him to relief. Nor does the record reveal any. In short, defendant has failed to show the existence of a nonfrivolous issue that states a claim upon which relief can be granted. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotations and citations omitted); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that 'good faith' in context of 28 U.S.C. § 1915(a)(3) must be judged by an objective standard and is demonstrated when a defendant seeks appellate review of any nonfrivolous issue).

4

IT IS THEREFORE ORDERED that plaintiff's motion for leave to

proceed in forma pauperis (Dk. 1997) is denied.

Dated this 10th day of January, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge