IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff/Respondent,

    vs.                       Civil Case No. 04-3400-SAC
                                 Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

          Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion pursuant to Fed. R. Civ. P.  60(b)(6) for relief from final judgment and to reopen case.  (Dk. 2046).  The defendant argues he is entitled to this relief as his counsel at trial and on direct appeal were ineffective in not objecting to the judicial fact-finding that occurred at sentencing and in not appealing this fact-finding as a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and his Fifth and Sixth Amendment rights to a jury verdict on those sentencing facts.  Because the defendant's motion must be treated as a second or successive motion under 28 U.S.C. § 2255, the court transfers it to the Tenth Circuit Court of Appeals for consideration.

**Background**

Convicted of multiple drug trafficking offenses after a seven-week jury trial, the defendant was sentenced in November of 2002 to 360 months of imprisonment.  He unsuccessfully appealed his conviction to the Tenth Circuit.  *See United States v. Cline*, 349 F.3d 1276 (10th Cir. 2003). No petition for certiorari was filed.

The defendant filed a timely § 2255 motion alleging the sentencing court "violated his rights under the Fifth and Sixth Amendment by increasing his sentence based on factual findings never charged by an indictment nor decided by a jury."  (Dk. 1959, p. 1).  The defendant sought the retroactive application of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and further argued his counsel should have known the guidelines were unconstitutional at the time of sentencing.  (Dk. 1959, at pp. 1, 10).  The district court denied the defendant's motion in May 2005.  (Dk. 1959).  The defendant then untimely filed a motion to alter and amend pursuant to Fed. R. Civ. P.  59(e) which the court denied.  (Dk. 1984).

The defendant next filed a motion to modify his sentence claiming the Bureau of Prisons had unlawfully modified his sentence.  (Dk.

1990).  The district court summarily denied the motion as without merit.

(Dk. 1991).  The defendant filed a notice of appeal.  (Dk. 1992).  The Tenth

Circuit dismissed this appeal for lack of prosecution.  (Dk. 2026).

**Current Motion**

Citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the defendant

moves for relief under Fed. R. Civ. P.  60(b)(6) arguing his counsel at trial

and on appeal were ineffective in not challenging his sentence as based on

facts not determined by a jury nor admitted by the defendant.  In response

to *Gonzalez v. Crosby*, the Tenth Circuit recently laid out a framework for

addressing Rule 60(b) motions that challenge the denial of a § 2254 or §

2255 petition.  *See Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir.

2006); *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006); *Spitznas v.*

*Boone*, 464 F.3d 1213 (10th Cir. 2006).  A court determines first whether

the current motion is properly characterized as a Rule 60 motion or as a

second or successive § 2255 motion.

"A § 2255 motion is one claiming the right to be released upon

the ground that the sentence was imposed in violation of the Constitution

or laws of the United States . . . ."  *United States v. Nelson*, 465 F.3d at

1148 (internal quotation marks omitted).  The Tenth Circuit in *Spitznas*

looked to *Gonzalez* for the characterization of a true Rule 60(b) motion:

> "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, [*Gonzalez*, 125 S. Ct. at] *id.* at 2648 n.4; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition, *id.* at 2648.

464 F.3d at 1216. "It is the relief sought, not . . . [a] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d at 1149 (citation omitted). Because they seek relief from the underlying conviction or sentence, the following motions for relief are examples of 60(b) motions to be treated as second or successive habeas petitions: "a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, . . ., a motion seeking leave to present 'newly discovered evidence' in order to advance the merits of a claim previously denied, . . .; or a motion 'seek[ing] vindication of' a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, . . . ." *Spitznas v. Boone*, 464 F.3d at 1216 (citations to *Gonzalez* omitted). In summary, challenges to the denial of a habeas petition based on grounds other than the merits of the petition are properly made in a Rule 60(b) motion, but challenges going to the merits of the prior

4

habeas ruling are to be treated as a successive habeas petition.  *Id.*

While citing *Gonzalez* in his motion, the defendant makes not

even the pretense of attacking the integrity of the prior federal habeas

proceedings.  The defendant's only argument is to renew his position that

he is entitled to relief from his sentence based on the impropriety of judicial

fact-finding made at his sentencing pursuant to the regime set out in the

United States Sentencing Guidelines.  He essentially asks the court to

reconsider its ruling that his constitutional rights under the Fifth and Sixth

Amendment as interpreted and applied by the Supreme Court were not

violated by a sentence based on factual determinations made by the

sentencing court rather than a jury.  While relying this time on an expansive

reading of *Apprendi* and a more focused attack on the effectiveness of his

counsel, the defendant still contends that constitutional error occurred

because the law required a jury determination of any fact used to increase

his sentence.

The defendant's arguments plainly fall within the examples

given in *Gonzalez* of Rule 60(b) motions to be treated as second or

successive habeas petitions.  The defendant seeks relief from his federal

sentence by renewing his habeas claim, 545 U.S. at 531, by revisiting and

attacking the habeas court's prior ruling on the merits, 545 U.S. at 532, and by adding either a new argument omitted from the prior petition or maybe only a new angle to an argument already decided on the merits, 545 U.S. at 531.  The court finds that the defendant's Rule 60(b) motion is actually a second or successive petition and that the court does not have subject matter jurisdiction over it.  *United States v. Nelson*, 465 F.3d at 1149.  In order to file a second or successive § 2255 motion in the district court, the movant must obtain prior authorization from the Tenth Circuit.  *See* 28 U.S.C. §§ 2244 (b)(3)(A).

IT IS THEREFORE ORDERED that the defendant's motion is an unauthorized second or successive § 2255 motion that must be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631;

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of the defendant's motion (Dk. 2046)  to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3). The Clerk also shall send a copy of this Memorandum and Order to the defendant and the local office of the United States Attorney.

Dated this 21st day of May, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge