IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                      Civil Case No. 04-3400-SAC
                           Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's objection (Dk. 2050) to the court's order of May 21, 2007, (Dk. 2047), and the defendant's motion requesting transcripts of all pretrial chambers conferences (Dk. 2059) in order to pursue his successive motion for relief under 28 U.S.C. § 2255. The defendant earlier filed a motion asking for relief pursuant to Fed. R. Civ. P. 60(b)(6) from final judgment and for his case to be reopened. (Dk. 2046). The district court found that this earlier motion was actually a second or successive petition and that the court did not have subject matter jurisdiction over the motion as the defendant had not received prior authorization from the Tenth Circuit. (Dk. 2047). The defendant now objects to that order and further seeks transcripts of all

pretrial chambers conferences in order to pursue his successive § 2255 motion.

**Background**

The defendant unsuccessfully appealed his conviction on multiple drug trafficking offenses. *See United States v. Cline*, 349 F.3d 1276 (10th Cir. 2003). The defendant next timely filed a § 2255 motion alleging the sentencing court had "violated his rights under the Fifth and Sixth Amendment by increasing his sentence based on factual findings never charged by an indictment nor decided by a jury." (Dk. 1959, p. 1). The district court denied the § 2255 motion, (Dk. 1959), and subsequently denied the defendant's untimely filed motion to alter and amend (Dk. 1984). The defendant next filed a motion to modify his sentence claiming the Bureau of Prisons had unlawfully modified his sentence. (Dk. 1990). The district court summarily denied the motion as without merit. (Dk. 1991). The defendant filed a notice of appeal. (Dk. 1992). The Tenth Circuit dismissed this appeal for lack of prosecution. (Dk. 2026).

In May of this year, the defendant filed a motion asking for Rule 60(b)(6) relief and arguing that his trial counsel and appellate counsel were ineffective in not objecting to the judicial fact-finding that occurred at

sentencing and in not appealing this fact-finding as a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and his Fifth and Sixth Amendment rights to a jury verdict on those sentencing facts. (Dk. 2046). The district court applied the Tenth Circuit's framework for Rule 60(b)(6) motions filed subsequent to the denial of a § 2255 motion and determined first whether the motion can be properly characterized as a Rule 60 motion or whether it is a second or successive § 2255 motion. Relying on Tenth Circuit decisions interpreting and applying *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the district court concluded:

> While citing *Gonzalez* in his motion, the defendant makes not even the pretense of attacking the integrity of the prior federal habeas proceedings. The defendant's only argument is to renew his position that he is entitled to relief from his sentence based on the impropriety of judicial fact-finding made at his sentencing pursuant to the regime set out in the United States Sentencing Guidelines. He essentially asks the court to reconsider its ruling that his constitutional rights under the Fifth and Sixth Amendment as interpreted and applied by the Supreme Court were not violated by a sentence based on factual determinations made by the sentencing court rather than a jury. While relying this time on an expansive reading of *Apprendi* and a more focused attack on the effectiveness of his counsel, the defendant still contends that constitutional error occurred because the law required a jury determination of any fact used to increase his sentence.
> The defendant's arguments plainly fall within the examples given in *Gonzalez* of Rule 60(b) motions to be treated as second or successive habeas petitions. The defendant seeks relief from his federal sentence by renewing his habeas claim, 545 U.S. at 531, by revisiting and attacking the habeas court's prior ruling on the merits,


> 545 U.S. at 532, and by adding either a new argument omitted from the prior petition or maybe only a new angle to an argument already decided on the merits, 545 U.S. at 531.  The court finds that the defendant's Rule 60(b) motion is actually a second or successive petition and that the court does not have subject matter jurisdiction over it.  *United States v. Nelson*, 465 F.3d at 1149.  In order to file a second or successive § 2255 motion in the district court, the movant must obtain prior authorization from the Tenth Circuit.  *See* 28 U.S.C. §§ 2244 (b)(3)(A).

(Dk. 2047 at pp. 5-6).  The defendant's pending motions stem from this last order.

## DEFENDANT'S OBJECTION TO CONSTRUING HIS RULE 60(B) MOTION AS A SECOND OR SUCCESSIVE § 2255  (Dk. 2050).

The defendant's objection does not challenge the district court's proper understanding and application of *Gonzalez* to his purported Rule 60(b) motion.  Instead, he openly attacks again the merits of the court's underlying judgments arguing that the Supreme Court's ruling in *Booker* renders null and void not only the judgment on his sentence but also his direct appeal and first § 2255 action.  Plainly, the defendant's Rule 60(b) challenges go to the merits of the prior habeas ruling and, therefore, must be treated as a successive habeas petition.  The defendant's objection is overruled.

## MOTION FOR TRANSCRIPTS OF PRETRIAL CHAMBERS CONFERENCES

An indigent § 2255 defendant is entitled to a free trial transcript upon the trial judge or a circuit judge certifying that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). To receive the requested transcripts, the § 2255 petitioner "must first demonstrate that his claim is not frivolous and that the transcript is needed to decide the issue presented by the suit before the court is required to provide him with a free transcript." *Brown v. New Mexico District Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n. 1 (10th Cir. Mar.19, 1998) (Table) (citing *United States v. MacCollom*, 426 U.S. 317 (1976) (plurality). The right to a free transcript does not arise from the simple desire to search for error in the record. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992). A naked assertion of ineffective assistance of counsel without supporting factual allegations will not satisfy the requirements of § 753(f). *See MacCollom*, 426 U.S. at 326-27; *Ruark v. Gunter*, 958 F.2d at 319. Section 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts, whether or not the transcripts already exist." *Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir.1993)

The defendant's request does not articulate any need for

transcripts of pretrial chambers conferences. The defendant's successive § 2255 motion relates solely to his sentencing and his rights implicated by the judicial fact-finding that occurred at his sentencing. The defendant's request for these transcripts which are unrelated to any matter raised in his pending motion is summarily denied as unnecessary and frivolous.

IT IS THEREFORE ORDERED that defendant's objection (Dk. 2050) to the court's order of May 21, 2007, and the defendant's motion requesting transcripts of all pretrial chambers conferences (Dk. 2059) in order to pursue his successive § 2255 motion are denied.

Dated this 18th day of July, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge