IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                       Civil Case No. 04-3400-SAC
                              Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion for status of pending proceedings and renewed motion to be provided with needed transcripts (Dk. 2061) and the defendant's motion for writ of audita querela (Dk. 2062). Both motions were stamped as filed on July 16, 2007, but were docketed subsequent to the court's order (Dk. 2060) filed on July 18, 2007.

In its subsequently filed order, the court denied the defendant's pending objection to the court's prior order of May 21, 2007, (Dk. 2050), and denied the defendant's motion (Dk. 2059) requesting transcripts of all pretrial chambers conferences. The filing of that order not only moots the defendant's motion for status of pending proceedings but stands as the

final ruling on the request for transcripts. The defendant's renewed motion likewise fails to satisfy the requirements of 28 U.S.C. § 753(f).

"[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (citations and quotations omitted). That the movant "is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). A movant cannot evade the procedural restraints on successive § 2255 petitions "by simply styling a petition under a different name." *Torres*, 282 F.3d at 1246 (citations omitted). The defendant's motion for writ of audita querela does not attack the integrity of any § 2255 proceedings but merely revives the defendant's substantive constitutional challenges to his sentencing based on the holding in *Booker*. The relief sought by Cline must be pursued under § 2255. Because his motion is in effect a successive § 2255 petition, this court lacks subject matter jurisdiction until the movant obtains prior authorization from the Tenth Circuit. See 28 U.S.C. §§ 2244 (b)(3)(A).

IT IS THEREFORE ORDERED that the defendant's motion for

status of pending proceedings and renewed motion to be provided with needed transcripts (Dk. 2061) is denied;

IT IS FURTHER ORDERED that the defendant's motion for writ of audita querela (Dk. 2062) is an unauthorized second or successive § 2255 motion that must be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated this 24th day of July, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge