IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                        Civil Case No. 04-3400-SAC
                               Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion for relief pursuant to Fed. R. Civ. P. 60(b)(4) (Dk. 2072) and his motion for relief pursuant to Fed. R. Civ. P. 52(b) (Dk. 2075). The court lacks jurisdiction of the former motion and summarily denies the latter motion.

In his Rule 60(b) motion, the defendant contends that the district court's imposition of sentence on October 29, 2002, is void, because the United States Supreme Court subsequently held in *United States v. Booker*, 543 U.S. 220 (2005), that 18 U.S.C. § 3553 was unconstitutional in part. The defendant's motion plainly challenges only the validity of his underlying sentence and seeks to set aside the judgment and sentence. Thus, it must be construed as a successive 28 U.S.C. § 2255

motion. *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006); *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006); *United States v. Barrett*, 161 Fed. Appx. 755, 2005 WL 3418720 (10th Cir. Dec. 14, 2005) (a post-judgment Rule 60(b)(4) motion treated as a second or successive § 2255 motion), *cert. denied*, 126 S. Ct. 2370 (2006); *United States v. Hill*, 202 Fed. Appx. 712, 2006 WL 2930207 (5th Cir. 2006) (a Rule 60(b)(4) motion for relief from judgment construed as a successive § 2255 motion requiring prior authorization to file). In order to file a second or successive § 2255 motion in the district court, the movant must obtain prior authorization from the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

In his Rule 52(b) motion, the defendant challenges the district court's order of July 24, 2007, (Dk. 2063), which construed his motion for writ of audita querela as a successive petition pursuant to 28 U.S.C. § 2255 and transferred the motion to the Tenth Circuit purusant to 28 U.S.C. § 1631. The defendant filed on August 3, 2007, a motion for the court to reconsider that order. (Dk. 2066). The court then denied the motion for reconsideration on August 21, 2007. (Dk. 2071). Now the defendant files a motion to amend the order of July 24, 2007, pursuant to Rule 52(b).

The court denies the defendant's Rule 52(b) motion as untimely

in that it was not filed within ten days and the Tenth Circuit has already assumed jurisdiction over the defendant's motion for writ of audita querala (Dk. 2067) and dismissed it (Dk. 2076). Moreover, the defendant's motion is without merit. The court properly characterized the defendant's motion for writ of audita querala as a successive § 2255 petition based on the precedential authority of *United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002). The defendant complains the court should not have construed his motion as a successive petition and transferred the matter to the Tenth Circuit without first providing him notice so that he could choose between withdrawing his motion or proceeding with a § 2255 motion. This court was not required to give notice to the defendant before recharacterizing his pleading as a § 2255 motion because that pleading was a second or successive § 2255 motion. *See United States v. Torres*, 282 F.3d at 1246.

      IT IS THEREFORE ORDERED that the defendant's motion for relief pursuant to Fed. R. Civ. P. 60(b)(4) (Dk. 2072) is an unauthorized second or successive § 2255 motion that must be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

      IT IS FURTHER ORDERED that the Clerk of the Court shall

forward a copy of the defendant's motion (Dk. 2072) to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3).  The Clerk also shall send a copy of this Memorandum and Order to the defendant and the local office of the United States Attorney.

IT IS FURTHER ORDERED that the defendant's motion for relief pursuant to Fed. R. Civ. P. 52(b) (Dk. 2075) is denied.

Dated this 27th day of September, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge