IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

V.                                      Case No.  00-40024-03-SAC

TIMOTHY CLINE,

           Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the following motion by the defendant: motion to dismiss for want of subject-matter jurisdiction (Dk. 2085). The defendant's motion argues that this court lacked subject-matter jurisdiction over his trial.

The defendant was convicted on various drug charges stemming from violation of 21 U.S.C. §§ 846, 841(d)(2), 843(b), and 841(a)(1). The Tenth Circuit denied the defendant's direct appeal. *United States v. Cline*, 349 F.3d 1276 (10th Cir. 2003). After the Tenth Circuit turned down the defendant's appeal, the defendant pursued post-conviction relief including 28 U.S.C. §2255 motions, all of which have been

denied.  *See, e.g.*, *United States v. Cline*, 2007 WL 1500304 (D. Kan. 2007); *United States v. Cline*, 2005 WL 1124403 (D. Kan. 2005).

The defendant's motion to dismiss for lack of subject-matter jurisdiction is a motion to vacate, set aside, or correct sentence as provided through 28 U.S.C. § 2255 (2007).  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (stating that motions that present a "new ground for relief" are properly considered § 2254 applications); *see also United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (adopting the *Gonzalez* framework); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (stating motions that "attack[ ] the legality of detention" are properly considered § 2255 motions); *United States v. Patrick*, 2008 WL 324226, *1 (10th Cir. 2008) (holding that the district court properly considered a post-conviction motion to dismiss for lack of subject matter jurisdiction as a § 2255 motion); *United States v. Coffey*, 2008 WL 161685, *1 (D. Kan.  2008) (construing a motion to dismiss for lack of jurisdiction as a motion pursuant to § 2255).  The defendant's motion argues that the district court lacked subject-matter jurisdiction because:  (1) the indictment was insufficient due to the fact that the United States Code is not positive law, (2) Congress exceeded its

authority in drafting Title 21 of the Code because the offenses established by Title 21 lack a sufficient nexus with interstate commerce, and (3) the Art. I, section 8, clause 17 of the United States Constitution limits the federal criminal jurisdiction to specific geographical areas. All three of these arguments present not only "new grounds for relief" but also "attack[ ] the legality of [his] detention. " *See Gonzalez*, 545 U.S. at 532; *Bradshaw,* 86 F.3d at 166.

The defendant's motion to dismiss for lack of subject-matter jurisdiction, therefore, is a successive § 2255 motion. *See Nelson*, 465 F.3d at 1147; *United States v. Preciado-Quinonez*, 53 Fed. Appx. 6, *1 (2002) (holding a motion challenging the indictment after final judgment "is properly deemed a § 2255 motion");  see *also United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (holding that a prisoner may not "bypass the limitations" imposed by § 2255 and § 2244(b)(3) by filing a motion to dismiss for lack of subject-matter jurisdiction). As the defendant has already filed multiple § 2255 motions, he must obtain prior authorization from the United States Court of Appeals for the Tenth Circuit before filing this motion in district court. *See* 28 U.S.C. § 2244(b)(3)(A). Consequently,

this court lacks subject-matter jurisdiction to address the defendant's successive § 2255 motion. *See Nelson*, 465 F.3d at 1149.

The court is aware that on other occasions these courts have chosen to construe post-conviction motions challenging subject-matter jurisdiction as something other than a § 2255 motion. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1260-61 (10th Cir. 2005); *United States v. Lima-Pacheco* 81 Fed. Appx. 299, 300 (10th Cir. 2003); *United States v. Preciado-Quinonez,* 53 Fed. Appx. 6 (10th Cir. 2002); *see also United States v. Wolff*, 241 F.3d 1055, 1056-57 (8th Cir. 2001)(per curium). Construing the motion as a something other than a § 2255 motion has not resulted in much success for the defendant. *Accord Valadez-Camarena*, 402 F.3d at 1260-61. The post-conviction motions are dismissed as untimely because the Federal Rules of Criminal Procedure allow a defendant to challenge subject-matter jurisdiction only "while the case is pending". Fed. R. Crim. Pro. 12(b)(3)(B); *see Valadez-Camarena*, 402 F.3d at 1260-61 (upholding a district court's ruling that a post-judgment

motion challenging the court's subject-matter jurisdiction was untimely).[1] These courts reason that once defendants have been convicted and exhausted their appeals, their case is no longer pending and any subsequent subject-matter jurisdictional challenge is thereby untimely. *See Valadez-Camarena*, 402 F.3d at 1260-61. Even if this court were to follow the *Valadez-Camarena* precedent and treat the defendant's motion as something other than a § 2255 motion, the defendant would still not find relief because his motion would be untimely. *See id*.

---

[1] The court notes that the Tenth Circuit traditionally has recognized that post-conviction motions challenging subject-matter jurisdiction are properly considered § 2255 motions. *See Marteney v. United States*, 216 F.2d 760, 762 (10th Cir. 1954) (stating that § 2255 "specifically authorizes" a prisoner to challenge the court's subject-matter jurisdiction). When a post-conviction motion challenging subject-matter jurisdiction has been construed as something other than a § 2255 motion, however, the court treats it as a 12(b) motion. *See Valadez-Camarena*, 402 F.3d at 1260-61. Since a 12(b) motion may be dismissed as untimely under the Fed. R. Crim. Pro 12(b)(3)(B), it seems that a court should treat a motion challenging subject-matter jurisdiction as a 12(b) motion while the case is still pending and consider a post-conviction motion challenging subject-matter jurisdiction as a § 2255 motion. Otherwise a court could summarily dismiss all post-conviction challenges to subject-matter jurisdiction as untimely under 12(b)(3)(B) even though the challenges could be proper under § 2255.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss for want of subject-matter jurisdiction (Dk. 2085) is an unauthorized successive § 2255 motion that must be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of the defendant's motion (Dk. 2072) to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3). The Clerk also shall send a copy of this Memorandum and Order to the defendant and the local office of the United States Attorney.

Dated this 23rd day of April, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge