IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                           Civil Case No. 04-3400-SAC
                                Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion for relief pursuant to Fed. R. Civ. P. 60(b)(4). (Dk. 2095). In his opening paragraph, the defendant describes his motion as merely challenging the jurisdictional integrity of his original habeas corpus action and seeking only the reinstatement of his original 28 U.S.C. § 2255 petition. (Dk. 2095, p. 1). The defendant's motion consists of several different documents, but only the first six pages appear to discuss Rule 60(b)(4). Drawing on the general rule that a void judgment may result from a court acting without subject matter jurisdiction, the defendant stretches several jurisdictional axioms and wraps them around some procedural rules. While he arrives at several conclusions in doing so, the defendant does not apply or argue for

their application to the court's prior order of May 10, 2005, which denied his original § 2255 motion. (Dk. 1959). The defendant's motion fails to put forward any specific grounds for claiming the court's § 2255 order and judgment is void for lack of subject matter jurisdiction. The court has nothing to consider or address as to how it may have exceeded its subject matter jurisdiction in denying him § 2255 relief following his criminal conviction in this court. Instead, the balance of the defendant's motion attacks this court's exercise of jurisdiction in the underlying criminal prosecution.

The court is unable to construe the defendant's motion as seeking genuine relief pursuant to Rule 60(b)(4). It does not challenge the validity or question the procedural or legal merits of the court's order and judgment denying him § 2255 relief. It does not even purport to discuss any of the issues addressed in that ruling. The defendant devotes his motion of more than 80 pages to the very same collateral attacks that this court and the Tenth Circuit have already characterized as unauthorized second or successive § 2255 claims:

> In the motion Mr. Cline filed in district court, he claimed that the district court lacked jurisdiction to convict or sentence him because the indictment did not describe a "locus in quo" where the alleged violation occurred, did not allege a violation of the Commerce Clause,

2

> and did not show that the federal codes and statutes he was alleged to have violated were enacted by Congress, and, further because Kansas never ceded to the federal government the land on which the crimes occurred. The district court properly treated these post-conviction claims as unauthorized second or successive § 2255 claims because they all substantively challenge the constitutionality of his conviction and detention, and are "effectively indistinguishable" from habeas claims.

*In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). All of these claims could have been raised in the defendant's first § 2255 motion.

In *Gonzalez*, "the Supreme Court held that a claim nominally filed under Rule 60(b) in a habeas proceeding is, in substance, a successive habeas claim if it asserts or reasserts a substantive challenge to the validity of the conviction or sentence." *In re Cline*, 531 F.3d at 1253. The defendant has filed a nominal 60(b)(4) motion that repeats all of his same challenges to the sufficiency of the indictment and to the court's subject matter jurisdiction to convict and sentence him. Thus, the defendant's motion must be construed as a successive 28 U.S.C. § 2255 motion. *See In re Cline*, 531 F.3d at 1253; *United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006).

In order to file a second or successive § 2255 motion in the district court, the movant must obtain prior authorization from the Tenth

Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A).  The defendant did not seek prior authorization from the Tenth Circuit before filing his motion.  With the defendant's earlier attempts to bring successive § 2255 motions with the prior authorization, the district court followed the general practice of transferring jurisdiction to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1250-51.  The Tenth Circuit, however, in its recent *Cline* opinion emphasized that district courts have the discretion to decide whether a transfer "is in the interest of justice" or whether the action should be dismissed without prejudice.  531 F.3d at 1251-52.  The Tenth Circuit further noted about the defendant Cline:  "courts have repeatedly explained to him the statutory authorization requirements of §§ 2255(h) and 2244(b); thus a district court might well conclude that his most recent unauthorized filing was not made in good faith."  *In re Cline*, 531 F.3d at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006) (as "suggesting it is not in the interest of justice to transfer under § 1631 when a 'plaintiff either realized or should have realized that the forum in which he or she filed was improper'")).

   The court finds that a transfer of the defendant's motion would not be in the interest of justice.  The defendant Cline has been informed

repeatedly of the statutory requirement for prior authorization. Despite these repeated explanations and admonitions, the defendant persists in filing the same nominal motions without first seeking permission from Tenth Circuit. In its most recent order, the Tenth Circuit went so far as to warn the defendant "that any further attempt by him to begin a collateral attack on his 2002 convictions without satisfying all of the authorization requirements set forth in § 2255(h), including first moving in this court for authorization, could lead to the imposition of sanctions." 531 F.3d at 1253. Sharing the Tenth Circuit's concerns with this situation, the district court repeats this warning and cautions the defendant to heed it carefully as to any future filing.

IT IS THEREFORE ORDERED that because the defendant's motion for relief pursuant to Fed. R. Civ. P. 60(b)(4) (Dk. 2095) is an unauthorized second or successive § 2255 motion, the motion is dismissed for lack of jurisdiction.

Dated this 13th day of November, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge