IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      No. 00-40024-03-SAC

TIMOTHY J. CLINE,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the pro se motion of the defendant Timothy J. Cline to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (Dk. 2143). Following a seven-week jury trial, the defendant Cline was convicted on these counts: conspiracy to manufacture more than one kilogram of methamphetamine, in violation of 21 U.S.C. § 846 (count 1); three counts of distribution of varying amounts of pseudoephedrine, in violation of 21 U.S.C. § 841(d)(2) (counts 2, 3, and 4); distribution of approximately two kilograms of pseudoephedrine, in violation of 21 U.S.C. § 841(d)(2) (count 5); two counts of knowingly and intentionally using, or causing to be used, a communication facility or communication facilities in facilitating a drug trafficking offense, in violation of 21 U.S.C. § 843(b) (counts 7 and 8); three counts of distribution of varying amounts of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (counts 12, 13 and 14); and two counts of possession with intent to distribute

varying amounts of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (counts 15 and 23). In October of 2002, the court sentenced the defendant to 360 months on counts 1, 15 and 23, 240 months on counts 2-5, 12 and 14, and 48 months on counts 7 and 8 with all terms of imprisonment running concurrently. At the sentencing hearing, the court attributed to the defendant 9.6 kilograms of actual methamphetamine as the relevant conduct for sentencing. (Dk. 1775, at pp. 8-9). This resulted in a base offense level of 38 under U.S.S.G. § 2D1.1(c).

Section 3582(c)(2) permits a court to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."

The Sentencing Commission in Amendment 782 revised the Drug Quantity Table in U.S.S.G. § 2D1.1 by lowering the base offense levels for the respective drug quantity ranges by two points. The highest base offense level,

however, remains 38 in the Drug Quantity Table for those convicted of drug offenses involving this upper listed quantity of drugs or more. The Sentencing Commission made Amendment 782 retroactively applicable, and it is now listed in subsection (d) of § 1B1.10(d) subject to subsection (e)(1) which bars a court from reducing a term of imprisonment "based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

Amendment 782 does not lower the base offense level of 38 for defendants who were sentenced upon a drug quantity determination involving 4.5 KG or more of actual methamphetamine. U.S.S.G. § 2D1.1(c)(1) (2014). The court here attributed to the defendant Cline at sentencing 9.6 kilograms of actual methamphetamine which is still more than twice the upper amount specified for a base offense level of 38. With the two-point firearm enhancement and the two-point role in the offense enhancement for a total offense level of 42 and a criminal history category of one, Cline's guideline sentencing range of 360 months to life is not lowered by Amendment 782. The court is without authority to reduce Cline's sentence as a result of Amendment 782.

IT IS THEREFORE ORDERED that the defendant Timothy Jay Cline's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (Dk. 2143) is denied.

Dated this 3rd day of February, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge